795 A.2d 847

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. KENNETH BANKS, DEFENDANT–APPELLANT.

Argued January 15, 2002—Decided March 26, 2002.

*Susan C. Green*, Assistant Deputy Public Defender, argued the cause for appellant (*Peter A. Garcia*, Acting Public Defender, attorney).

*Barbara A. Rosenkrans*, Acting Assistant Prosecutor, argued the cause for respondent (*Donald C. Campolo*, Acting Essex County Prosecutor, attorney).

PER CURIAM.

The judgment is affirmed, substantially for the reasons expressed in the Per Curiam opinion of the Appellate Division, reported at 349 *N.J.Super.* 234, 793 *A.2d* 720 (2001).

Chief Justice PORITZ and Justices STEIN, COLEMAN, · VERNIERO, LaVECCHIA, and ZAZZALI join in this opinion. Justice LONG has filed a separate, dissenting opinion.

LONG, J., dissenting.

This was a one witness case. The state presented the victim of the robbery who identified Banks as the perpetrator. There was not a shred of evidence to corroborate the victim's testimony and, in fact, there was significant evidence to undercut her identification of Banks. That included the victim's three different descriptions of the perpetrator; the fact that Bank's hair and clothing were entirely unlike what the victim had described; and that upon searching Banks and his apartment shortly after the crime, no gun or robbery proceeds were found.

In other words, the case was by no means open and shut. In light of the problems with the victim's testimony, a jury could well have concluded that the state failed to prove its case beyond a reasonable doubt. At the very least, a serious issue for deliberation was presented by the victim's identification of Banks. Yet, the jury returned a guilty verdict on four separate counts in twenty-three minutes.

In my estimation, that was a direct result of the testimony of Rhonda Caldwell, who defense counsel called as an alibi witness without a prior meeting or interview. Because defense counsel was not aware of what Caldwell intended to say, during her testimony she delivered three brutal blows to the defense. First, she eviscerated the alibi, which was a devastating occurrence, after defense counsel had promised such an alibi in his opening. Second, she placed Banks near the scene of the crime at or about the time it occurred when there was no other evidence to that effect. Finally, she introduced the notion of prior criminality on Banks' part by blurting out that on the morning of the crime Banks was on his way to see his probation officer. That was particularly damaging because Banks had chosen not to take the stand, presumably to shield his criminal record from the jury. Together, Caldwell's statements injured the defense immeasurably.

In failing to interview her, defense counsel's conduct plainly met the deficiency prong of *Strickland v. Washington,* 466 *U.S.* 668, 104 *S.Ct.* 2052, 80 *L. Ed.*2d 674 (1984), as both the majority and dissent in the Appellate Division acknowledged. Had he done so, he could have prepared Caldwell to be a better witness or declined to call her altogether. In either event he could have tailored his opening and eliminated the promised alibi, if necessary. The very idea that there is not a "reasonable probability that . . . the result of the proceeding would have been different," if he had done so, is preposterous. *Id.* at 694, 104 *S.Ct.* at 2068, 80 *L.Ed.*2d at 698.

Accordingly, I would affirm the disposition of the Law Division substantially for the reasons expressed by Judge Wells in his thorough and thoughtful Appellate Division dissent.

468

*For affirmance*—Chief Justice PORITZ and Justices STEIN, COLEMAN, VERNIERO, LaVECCHIA, and ZAZZALI—6.

*For reversal*—Justice LONG—1.